UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George Martens,   Case No. 3:22-cv-914

    Plaintiff,

v.   MEMORANDUM OPINION
AND ORDER

City of Findlay, *et al.*,

    Defendants.

## I. INTRODUCTION

Plaintiff George Martens, who is proceeding *pro se*, filed suit in the Hancock County, Ohio Court of Common Pleas against Defendants the City of Findlay, Ohio, Mayor Christina Muryn, Andrew Thomas, Mary Price, Melanie Donaldson, Tonya Stillberger, Seth Boice, Lydia Mihalik, Donald Rasmussen, Susan Jo Hite, and Findlay City Council, *i.e.*, Grant Russel, Jeff Wobser, Randy Greeno, Joshua Palmer, Jim Niemeyer, Brian Bauman, Jim Slough, Beth Warnecke, Dennis Hellmann, Brad Wisener, and John Harrington (collectively, the "City Defendants"); Travelers Insurance; Robison, Curphey & O'Connell, LLC, Kayla Henderson, William V. Beach, and Corey L. Tomlinson, (collectively, the "RCO Defendants"), and 14 John and Jane Doe defendants. (Doc. No. 1-17). In his First Amended Complaint, Martens asserts 13 causes of action: (1) frivolous and/or fraudulent tax complaint, Ohio Revised Code § 718.37; (2) negligence per se and legal malpractice asserted by a third party; (3) negligent hiring and supervision; (4) "pain and suffering"; (5) fraudulent misconduct; (6) vicarious liability for legal malpractice; (7) civil liability for engaging in

a pattern of corrupt activity; (8) civil conspiracy, engaging in a pattern of corrupt activity; (9) falsification in violation of Ohio Revised Code § 2921.13; (10) telecommunications, mail, and creditor fraud; (11) violation of rights protected by the First, Fourth, Fifth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (12) fraudulent assessment of taxes; and (13) fraud and conspiracy to commit fraud. (*Id.*).

Martens's original complaint contained only six causes of action, each of which expressly invoked only Ohio law. (*See* Doc. No. 1-3). The common pleas court granted Martens leave to file his First Amended Complaint on May 25, 2022. The City Defendants then filed a notice of removal on behalf of themselves and the RCO Defendants, asserting this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367, based upon Martens's § 1983 claim. (*See* Doc. No. 1).

Martens has filed two motions to remand. (Doc. Nos. 6 and 9). The City Defendants filed a brief in opposition to those motions, (Doc. No. 13), and Martens filed a brief in reply. (Doc. No. 17). I conclude this Court lacks subject matter jurisdiction over Martens' § 1983 claim. Therefore, I grant Martens's motions to remand.

## II. DISCUSSION

### A. UNANIMITY OF REMOVAL

Federal law permits defendants to remove to an appropriate federal court "any civil action brought in a State court of which the district courts have original jurisdiction." 28 U.S.C. § 1441(a). Such actions may be removed by the filing of a notice of removal within 30 days of the date on which a defendant received, "through service or otherwise, . . . a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Martens first asserted a federal cause of action on May 25, 2022, when he filed his First Amended Complaint. The City Defendants filed their notice of removal shortly thereafter, on June 1, 2022. So far, so good.

Section 1446 also provides that, "[w]hen a civil action is removed solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This requirement is known as the rule of unanimity. *See, e.g., Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004). No issues here either, as counsel for the City Defendants represented that the RCO Defendants gave their consent to the removal and that none of the other defendants – in particular, Travelers – had been served with the First Amended Complaint at the time of the filing of the notice of removal. (*See* Doc. No. 1 at 5).

It is at this chronological point that Martens first takes aim at the removal. He contends service was completed on Travelers by June 2, 2022, when his certified mailing of the First Amended Complaint was picked up at a Tiffin, Ohio post office. (*See* Doc. No. 17-3). Martens contends Travelers had 30 days from this point to consent to the removal, but it did not do so until July 26, 2022, over three weeks after its § 1446 deadline. (*See* Doc. No. 16). Therefore, Martens argues, the removal is defective because it does not satisfy the unanimity requirement. This argument falls short.

The rule of unanimity is subject to a few exceptions. One of these exceptions arises in the case of nominal parties: "consent of all defendants is not required when the non-consenting defendant . . . is merely a nominal or formal party." *White v. Medtronic, Inc.*, 808 F. App'x 290, 292 (6th Cir. 2020) (citations and internal quotation marks omitted). A nominal party is one which "has no interest in the result of the suit and need not be made a party." *Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508 (6th Cir. 2013). To put a finer point on it, a nominal party includes an entity which "is simply a money holder." *Id.* at 509.

3

This case involves Martens's claims against various state and private defendants arising from the filing of a civil complaint for alleged unpaid tax liabilities. (*See* Doc. No. 1-17 at 6). Travelers' sole connection to this litigation, according to Martens, "is [as] a stakeholder . . . in that it insures the City of Findlay and its officer and employees against such claims" as the ones Martens brings. (*Id.* at 5). Stakeholders like Travelers are merely nominal parties whose consent is not required for removal under § 1446(b)(2)(A). *White*, 808 F. App'x at 292. *See also Mortenson*, 526 F. App'x at 508 (noting diversity jurisdiction is not affected by "'[t]he addition to a lawsuit of a purely nominal party – the holder of the stakes of the dispute between the plaintiff and the original defendant'") (quoting *Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987)) (emphasis added). I deny Martens' motions to remand to the extent he seeks relief based upon the rule of unanimity.

**B.    THE TAX INJUNCTION ACT**

Martens next argues the Tax Injunction Act (the "TIA") precludes the exercise of federal court jurisdiction over his claims because the TIA "has been broadly interpreted to bar suits for declaratory relief, injunctive relief, and monetary relief when there is an adequate remedy in state court." (Doc. No. 6 at 4). While Martens overstates the breadth of the TIA, I conclude his § 1983 claim falls within the TIA's prohibition against jurisdiction.

The TIA states "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The "principal purpose" of the TIA is "'to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'" *California v. Grace Brethren Church*, 457 U.S. 393, 408-09 (1982) (quoting *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 522 (1981)). "In short, in enacting the TIA, Congress trained its attention on taxpayers who sought to avoid paying their tax bill by pursuing a challenge route other than the one specified by the taxing authority." *Hibbs v. Winn*, 542 U.S. 88, 104-05 (2004).

4

Martens, in a nutshell, is that taxpayer – he seeks to avoid the assessment and collection of taxes he allegedly owes to the City of Findlay by arguing Chapters 193 and 194 of the City of Findlay Codified Ordinances violate his federal constitutional rights. The TIA applies to cases involving constitutional challenges to state tax laws, just as it does to challenges based upon state law or procedure. *Moe v. Confederated Salish & Kootenai Tribes of Flathead Reservation.*, 425 U.S. 463, 470 (1976) ("'[T]he mere illegality or unconstitutionality of a state . . . tax is not in itself a ground for equitable relief in the courts of the United States.") (internal quotation marks and citations omitted).

The City Defendants argue I "need not be concerned about Plaintiff's two passing references [to] injunctive relief" because Martens "alleges none of the required elements for injunctive relief, nor does he demand an injunction in his prayer [for relief]." (Doc. No. 13 at 15-16). But "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Martens alleges the City Defendants "arbitrarily and capriciously interfered with the Plaintiff's tax[]payer rights by its assessment, civil suits, tax liability calculations and taxable income determinations" and asserts he is "entitled to injunctive relief to preclude Defendants from continuing to violate Plaintiff's substantive due process rights." (Doc. No. 1-17 at 57-58). Contrary to the City Defendants' argument, (Doc. No. 13 at 16), a ruling in Martens's favor on the merits of his claims would allow him to avoid paying taxes, because what he seeks – an injunction that would prohibit the City of Findlay from enforcing the whole of its income tax ordinance – falls within the scope of the TIA.

The TIA involves a threshold inquiry. A court is not permitted to consider the merits of a plaintiff's constitutional challenge to a state tax provision; rather, the inquiry is at its end once it is determined that the plaintiff has asserted such a challenge. Thus, a district court is "without jurisdiction to declare the . . . [state] tax provision unconstitutional or to issue its injunction against

5

state authorities unless . . . [the plaintiff has] no 'plain, speedy and efficient remedy' in the state courts." *Grace Brethren*, 457 U.S. at 411. None of the parties has argued the available state-court remedies are inadequate and, therefore, I conclude this Court lacks subject matter jurisdiction over Martens's request for injunctive relief.

Moreover, I also conclude jurisdiction over Martens's claim for damages under § 1983 is barred by the principle of comity. *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981) (holding "taxpayers are barred by the principle of comity from asserting § 1983 actions [for damages] against the validity of state tax systems in federal courts"). Martens's request for monetary damages cannot be adjudicated without a determination of whether the City of Findlay's ordinances governing the assessment and collection of income taxes violates the Constitution, and the Supreme Court has held the principle of comity bars federal courts from hearing these types of claims. *Id.* at 105-06, 113-14. I remand Martens's § 1983 claim to the Hancock County Court of Common Pleas.

Finally, having dismissed all claims over which this Court has original jurisdiction, I decline to exercise supplemental jurisdiction over Martens's remaining state law claims. 28 U.S.C. § 1367(c)(3).

### III.    CONCLUSION

For the reasons stated above, I conclude the Tax Injunction Act and the principle of comity bar federal court subject matter jurisdiction over Plaintiff George Martens's § 1983 claim. Therefore, I grant Martens's motions to remand as to this claim. (Doc. Nos. 6 and 9). Further, I decline to exercise supplemental jurisdiction over Martens's state-law claims and grant Martens's motion to remand those claims as well.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

6