UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George V. Martens,　　　　　　　　　　　　　　Case No. 3:22-cv-914

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

City of Findlay, *et al.*,

　　　　　Defendants.

## I.　INTRODUCTION AND BACKGROUND

Plaintiff George V. Martens, who is proceeding *pro se*, filed suit in the Hancock County, Ohio Court of Common Pleas against Defendants the City of Findlay, Ohio, Mayor Christina Muryn, Andrew Thomas, Mary Price, Melanie Donaldson, Tonya Stillberger, Seth Boice, Lydia Mihalik, Donald Rasmussen, Susan Jo Hite, and Findlay City Council, *i.e.*, Grant Russel, Jeff Wobser, Randy Greeno, Joshua Palmer, Jim Niemeyer, Brian Bauman, Jim Slough, Beth Warnecke, Dennis Hellmann, Brad Wisener, and John Harrington (collectively, the "City Defendants"); Travelers Insurance; Robison, Curphey & O'Connell, LLC, Kayla Henderson, William V. Beach, and Corey L. Tomlinson, (collectively, the "RCO Defendants"), and 14 John and Jane Doe defendants. (Doc. No. 1-17).  In his First Amended Complaint, Martens asserts 13 causes of action, including a claim that the Defendants violated his rights as protected by the First, Fourth, Fifth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983.  (*Id.*).

The case was timely removed to this court. (Doc. No. 1). Martens filed two motions to remand, arguing, in part, that the Tax Injunction Act precludes the exercise of federal court jurisdiction over his claims. (Doc. Nos. 6 and 9). After reviewing the parties' arguments, I concluded the Tax Injunction Act applied and this court lacks subject matter jurisdiction over Martens' § 1983 claim. (Doc. No. 23). I then granted Martens' motions to remand.

Martens subsequently filed a motion for costs and sanctions, seeking an order requiring the Defendants to pay his "costs, expenses, attorney consultation fees[,] and business losses" arising out of the Defendants' allegedly frivolous removal of this case from state court. (Doc. No. 25 at 12). The Defendants oppose Martens' motion, (Doc. Nos. 28, 30, and 31), and Martens has filed briefs in reply. (Doc. Nos. 29, 33, and 34). For the reasons stated below, I deny Martens' motion.

## II. DISCUSSION

Martens contends he is entitled to costs and sanctions pursuant to § 1447 and Rule 11. (*See, e.g.,* Doc. No. 33). Under § 1447, if a removed case is remanded for lack of subject matter jurisdiction, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has stated that, "'[a]bsent unusual circumstances,' . . . [§ 1447] fee awards are appropriate 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005)).

"'Under Rule 11, sanctions may be imposed if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay.'" *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th

2

Cir. 1988) (quoting *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174 (D.C. Cir. 1985)). I conclude Martens fails to show he is entitled to an award under either § 1447 or Rule 11.

There is no dispute that Martens brings a § 1983 claim for the alleged violation of his due process, equal protection, and property rights, protected by the First, Fifth, and Fourteenth Amendments. (*See, e.g.,* Doc. No. 1-17 at 58). Martens alleges, among other things, that Defendants: "have deprived the Plaintiff of the rights, privileges, and immunities secured by the Constitution of the United States of America"; "deprived Plaintiff of his Equal Protection Rights secured by the United States Constitution and its amendments"; and "individually and officially acted under the color of law using an express policy and/or a well-established custom or common practice which so deprived the Plaintiffs of those rights, privileges, or immunities secured by" the United States and Ohio Constitutions and their amendments. (*Id.* at 52-53).

Ordinarily, cases involving these types of allegations are removable. *See, e.g., Durham v. Est. of Losleben by & through Tatum*, No. 16-1042, 2017 WL 888357, at *3 (W.D. Tenn. Mar. 6, 2017); *Doe v. Greene Cnty., Tenn.*, No. 3:14-CV-548-PLR-CCS, 2015 WL 11109236, at *1 (E.D. Tenn. June 30, 2015). *Cf. Bucary v. Rothrock*, 883 F.2d 447, 449 (6th Cir. 1989) (finding no abuse of discretion in district court award of costs under § 1447(c) where "plaintiffs' complaint did not allege a violation of section 1983, that the conduct was undertaken under color of state law, or that they were deprived of any Constitutional rights, privileges or immunities"). Despite Martens' contention, (Doc. No. 33 at 5), it is immaterial that he pled one federal cause of action and twelve state law claims. Federal courts have original jurisdiction over § 1983 claims and the presence of a federal cause of action typically permits a plaintiff's complaint to be removed in its entirety. 28 U.S.C. §§ 1331, 1441(a).

Further, while Martens now asserts "it was obvious" his complaint could not be removed because the Tax Injunction Act bars federal court jurisdiction over claims for injunctive relief

3

regarding the assessment or collection of state tax, (Doc. No. 33 at 5), he previously took pains to make clear "the dispute is not a 'garden variety' tax dispute but one that involves clear and material constitutional violations." (Doc. No. 1-17 at 59).

"In deciding whether to award costs and fees, district courts should consider the underlying purpose of § 1447(c), which is to remove 'the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.'" *Gen. Mill Supply Co. v. Great Lakes Water Auth.*, No. CV 18-13255, 2019 WL 2714850, at *4 (E.D. Mich. May 6, 2019) (quoting *Warthman*, 549 F.3d at 1060) (further citation and internal quotation marks omitted). Martens fails to show the Defendants removed this case for the purpose of delaying litigation or imposing additional costs on him, or that Defendants lacked an objectively reasonable basis for removal. *See, e.g., Antosh v. City of Coll. Park*, 341 F. Supp. 2d 565, 570 (D. Md. 2004) (denying motion for costs where "removal was not so improper that 'a cursory examination . . . would have revealed' a lack of federal jurisdiction, and there was no evidence of bad faith") (quoting *In re Lowe,* 102 F.3d 731, 733 (4th Cir. 1996)) (further citations omitted); *5148 Beach Rd. of Sarasota, LLC v. Sarasota Cnty., Fla.*, No. 8:11-CV-2375-T-24, 2012 WL 124100, at *1 (M.D. Fla. Jan. 17, 2012) (holding plaintiff not entitled to costs under § 1447(c) where plaintiff's complaint involved "more than a tax assessment challenge").

Martens also fails to show he is entitled to sanctions under Rule 11. A court may award sanctions against an attorney, including under Rule 11, where the attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). Martens fails to show counsel for the Defendants intentionally abused the judicial process, as I already have concluded above that the Defendants had an objectively reasonable basis for removing this case. And Martens' complaints about the Defendants' filing of their motions to

4

dismiss fall far short of establishing that defense counsel knowingly disregarded a risk of needlessly multiplying judicial proceedings. (*See, e.g.,* Doc. No. 33 at 12-13).

Because I have concluded Martens has not made a threshold showing that he is entitled to costs or sanctions, I need not address the parties' arguments regarding whether certain of Martens' claimed costs are recoverable.

### III. CONCLUSION

For the reasons stated above, I conclude Plaintiff George Martens' fails show he is entitled to an award of costs pursuant to 28 U.S.C. § 1447(c) or sanctions pursuant to Rule 11. Therefore, I deny Martens' motion. (Doc. No. 25).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge